IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRUITX, INC.,

   Plaintiff,      No. CIV S-04-2105 WBS KJM

  vs.

STEPHEN CRAIG, et al.,

   Defendants.    <u>ORDER</u>

_____/

   Plaintiff's motion for entry of default judgment against defendants Hadaway and Turismo Costa Brava came on for hearing on April 6, 2005.  Mark Serlin appeared for plaintiff.  No appearance was made for defendants.  Following the hearing, the court granted leave for plaintiff to file supplemental briefing.

   Defendant Hadaway's motion to set aside default and default judgment, filed after the hearing on plaintiff's motion, came on regularly for hearing on May 25, 2005.  Defendant's motion also seeks leave to file his answer, which he has lodged with the court.  Mark Serlin appeared at hearing for plaintiff; Charles Nelson and William Cherry appeared for defendant Hadaway.  No appearance was made for the remaining  defendants.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing, THE COURT FINDS AS FOLLOWS:

1

1    In light of plaintiff's pending motion for entry of default judgment against

2  defendants Hadaway and Turismo Costa Brava, defendant Hadaway's motion to set aside default

3  judgment is premature.

4    With respect to plaintiff's motion for entry of default judgment against defendant

5  Turismo Costa Brava, it appears that default against Turismo Costa Brava was entered

6  improvidently.  The proof of service indicates the summons was served on defendant Hadaway as

7  "agent for service of process."  See Return of Service filed Oct. 25, 2005 (docket no. 4).  The

8  record, however, does not support plaintiff's assertion that defendant Hadaway is a proper agent

9  for service of process on the Chilean foreign corporation.  See Decl. of Jack Hadaway  (filed

10  April 13, 2005) ("Hadaway Decl."), ¶¶ 2, 3 (denying status as agent for service of process); cf.

11  Decl. of Mark Serlin (filed Feb. 23, 2005) ("Serlin Decl."), ¶ 3 (Hadaway "made no effort to

12  claim that he was not an officer or agent . . ."); Decl. of Chuck Hankins (filed Feb. 23, 2005)

13  ("Hankins Decl."), ¶¶ 3-5 (Hadaway "made representations" and participated in phone

14  conversations with a co-defendant that "their company" would follow through on certain

15  commitments); Decl. of Jan Harford (filed Feb. 23, 2005) ("Harford Decl."), ¶¶ III, XII

16  (Hadaway was "actively working" in the business, which was operated by co-defendant Craig

17  and his wife; Hadaway was "financially involved" in and a "financial backer" of the business).

18  In light of Hadaway's denial that he was authorized to accept service, and the dearth of any

19  affirmative documentation of which the court may take judicial notice that Hadaway is either an

20  officer, managing or general agent, or designated with an appropriate agency as agent for service

21  of process, service upon him does not effect service on the corporation in a judicial district of the

22  United States under Federal Rule of Civil Procedure 4(h)(1),[1] on which plaintiff relies.  Cf.

23

24    [1]  Rule 4(h) provides, in pertinent part:

25    Unless otherwise provided by federal law, service upon a domestic or foreign
    corporation or upon a partnership or other unincorporated association that is
    subject to suit under a common name, and from which a waiver of service has not

26    been obtained and filed, shall be effected:

1  United States v. Ziegler Bolt and Part Co., 111 F.3d 878 (Fed. Cir. 1997) (while agent's authority

2  may be implied in fact, a party urging such an implication "must present facts and circumstances

3  showing the proper relationship between the defendant and its alleged agent"; in case involving

4  Court of International Trade rules for service of process, analogous to Rule 4, even where

5  attorney represented corporation in administrative proceedings and signed form acknowledging

6  receipt of a copy of summons and complaint, record did not support his status as implied agent in

7  face of corporation's denial that it ever expressly authorized attorney to act as agent for service of

8  process); United States v. Balanovski, 236 F.2d 698 (2d Cir. 1956) (where power of attorney

9  granted broad authority, and person holding power of attorney filed tax return as "agent" of

10  grantor, person was "authoriz[ed] by operation of law (in addition to her appointment in fact) to

11  receive service of process. . .").  As an alternative, plaintiff makes no attempt to demonstrate

12  compliance with Federal Rule of Civil Procedure 4(h)(2).[2]  The default against defendant

13  Turismo Costa Brava therefore will be set aside.

14          As to the default entered against defendant Hadaway, the court finds defendant

15  has shown good cause under Federal Rule of Civil Procedure 55(c) to grant the relief requested.

16  The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same

17  standard that governs vacating a default judgment under Rule 60(b).  See TCI Group Life Ins.

18

19          (1) in a judicial district of the United States in the manner prescribed for
20  individuals by subdivision (e)(1), or by delivering a copy of the summons and of
    the complaint to an officer, a managing or general agent, or to any other agent
21  authorized by appointment or by law to receive service of process and, if the agent
    is one authorized by statute to receive service and the statute so requires, by also
22  mailing a copy to the defendant. . .

23  [2]  Rule 4(h)(2) provides that service upon a corporate entity may be effected, in the
    alternative:
24
    in a place not within any judicial district of the United States in any manner
25  prescribed for individuals by subdivision (f) except personal delivery as provided
    in paragraph (2)(C)(i) thereof.
26

1   Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).  The good cause analysis considers three

2   factors:  (1) whether defendant engaged in culpable conduct that led to the default;  (2) whether

3   defendant has a meritorious defense;  or (3) whether reopening the default judgment would

4   prejudice plaintiff.  Id.

5         In applying these factors, three precepts guide the court.  First, the rules allowing

6   for vacating of default or default judgment are remedial in nature and must be liberally applied.

7   See Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987) (applying Rule 60).

8   Second, default judgments generally are disfavored and cases should be decided on their merits.

9   Id.  Third, where defendant seeks timely relief from the judgment and has a meritorious defense,

10   doubt, if any, should be resolved in favor of the motion to set aside the judgment.  Id.  "The

11   court's discretion is especially broad where, as here, it is entry of default that is being set aside,

12   rather than a default judgment."  Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir.

13   1986).

14         In the instant action, all three factors weigh in favor of defendant.  Defendant

15   Hadaway has engaged in no proven culpable conduct leading to the entry of default and promptly

16   moved to set aside entry of default after receiving notice of plaintiff's motion for default

17   judgment.  In particular, it appears Hadaway did not ignore the fact that this action had been

18   filed, but rather upon receiving the complaint undertook efforts, although apparently unfruitful,

19   to resolve the matter without the need for litigation.  Hadaway Decl., ¶¶ 13-16; Supp. Decl. of

20   Jack Hadaway (filed May 18, 2005) ("Supp. Hadaway Decl."), ¶¶ 4, 5, 8 (lines 16-19 of latter

21   paragraph).[3]  Based on defendant's understanding of conversations he had with plaintiff's

22   counsel and defendant's report of the conduct of other litigation involving plaintiff and this

23   defendant, Hadaway Decl., ¶ 9, Supp. Hadaway Decl., ¶¶ 4-5, the actions taken in this litigation

24

25       [3] Plaintiff's objections to the cited portions of Hadaway's supplemental declaration are overruled.  See Fed. R. Evid. 803(3) (state of mind).  Other portions of Hadaway's declaration

26   have not been relied upon in reaching the determinations made herein; the supplemental declaration of Charles Nelson also has not been relied upon.

1  by defendant at a time when he was proceeding in propria persona, do not appear to have been

2  unwarranted.  If defendant's testimony as to the actions he took that he thought had resolved the

3  parties' instant dispute is credited by a jury, it also appears defendant will have a meritorious

4  defense.  Finally, defendant has caused no delay that plaintiff has shown will inhibit prosecution

5  of this action on the merits; thus there is no apparent prejudice.  The motion to set aside default

6  therefore will be granted.

7         In light of the court's determination that the defaults entered against defendants

8  Hadaway and Turismo Costa Brava must be set aside, plaintiff's motion for default judgment is

9  moot and will be denied without prejudice.  Defendant Hadaway will be directed to file his

10  answer within ten days of the filed date of this order.

11         Accordingly, IT IS HEREBY ORDERED that:

12         1.  The default entered against defendant Turismo Costa Brava on November 19,

13  2004 is set aside.

14         2.  Defendant Hadaway's motion to set aside entry of default is granted; the

15  default entered against defendant Hadaway on November 19, 2004 is set aside.

16         3.  Plaintiff's motion for default judgment is denied without prejudice.

17         4.  Defendant Hadaway shall file the answer lodged on April 13, 2005 within ten

18  days of the filed date of this order.

19  DATED:  July 8, 2005.

20

21                       UNITED STATES MAGISTRATE JUDGE

22

23

24

25  006
      fruitx2.oah

26

5